UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

DMITRI LINER,

 Plaintiff,

vs.

COMMISSIONER OF SOCIAL SECURITY,

 Defendant.

Case No. 3:19-cv-126

District Judge Walter H. Rice
Magistrate Judge Michael J. Newman

___

**REPORT AND RECOMMENDATION[1] THAT: (1) THE ALJ'S DECISION BE REVERSED; (2) THIS MATTER BE REMANDED TO THE COMMISSIONER FOR FURTHER PROCEEDINGS; AND (3) THE CASE BE CLOSED**

___

 This is a Social Security disability benefits appeal. At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff not was not without fault in receiving an overpayment of Retirement Insurance Benefits ("RIB"). This case is before the Court upon Plaintiff's Statement of Errors (doc. 12), the Commissioner's memorandum in opposition (doc. 16), the administrative record (doc. 17), and the record as a whole.[2]

**I.**

 In August 2013, Plaintiff applied for, and began receiving, RIB under 42 U.S.C. § 402(a). PageID 244-50. At the time Plaintiff submitted his RIB application, he anticipated that he would soon begin receiving pension benefits through the Ohio Public Employees Retirement System ("PERS") and noted such information in his application. PageID 132-33, 244-45. At the time Plaintiff applied for RIB, he was instructed to report certain changes to the Social Security

___

 [1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.
 [2] Hereafter, citations to the electronically-filed record will refer only to the PageID number.

Administration ("SSA"), such as if he were to "become entitled to a pension or annuity based on [his] employment after 1956 not covered by Social Security[.]" PageID 249. To report such changes, Plaintiff was instructed to call SSA "TOLL FREE at 1-800-772-1213[.]" PageID 249.

Plaintiff ultimately began receiving payments of his PERS pension on November 1, 2013. PageID 132. According to Plaintiff, in October 2013 -- *i.e.*, the month prior to receipt of any PERS pension payment -- he called SSA by telephone at the number provided to him and informed an individual on the phone call that he would begin receiving his PERS pension benefits on November 1, 2013. PageID 132-34. SSA apparently has no record of this phone call -- although, notably, Plaintiff testified that, at the time he called in October 2013, the federal government had shut down because an appropriations bill had not been enacted. *See* PageID 133. Without dispute, however, Plaintiff's monthly RIB payments after October 2013 remained unaltered except when raised each year to account for cost of living increases.

On June 6, 2014, Plaintiff applied for Supplemental Security Income ("SSI"). PageID 239-43. In his application, Plaintiff represented that he was, at that time, receiving an PERS pension payment each month in the amount of $1,007.00 in addition to his RIB benefits. PageID 240. Again, despite Plaintiff having provided such information to SSA, his monthly RIB benefits continued to remain the same -- except for annual cost of living increases -- until July 2015. PageID 145-48. On July 2, 2015, SSA sent a letter to Plaintiff informing him that his monthly benefit amount dating to August 2013 was incorrectly calculated, that he had been overpaid $8,113.00 in benefits between August 2013 and June 2015, and that he was required to repay the overpaid amount back to SSA. PageID 145-48.

Plaintiff then filed a request with SSA asking that it waive the overpayment and not seek repayment from him. PageID 151. After an initial denial of his request for a waiver (PageID 165,

173), Plaintiff received a hearing before Administrative Law Judge ("ALJ") Gregory Kenyon on December 20, 2017. PageID 126-144. The ALJ issued a written decision on July 11, 2018 denying Plaintiff's request for a waiver of the overpayment. PageID 101-05. Thereafter, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final administrative decision of the Commissioner. PageID 92-94. Plaintiff then filed this timely appeal. *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir. 2007).

## II.

### A. Standard of Review

The Court's inquiry on a Social Security appeal is to determine (1) whether the ALJ's non-disability finding is supported by substantial evidence, and (2) whether the ALJ employed the correct legal criteria. 42 U.S.C. § 405(g); *Bowen* v. *Comm'r of Soc. Sec.,* 478 F.3d 742,745-46 (6th Cir. 2007). In performing this review, the Court must consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found Plaintiff disabled. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Thus, the ALJ has a "'zone of choice' within which he [or she] can act without the fear of court interference." *Id.* at 773.

The second judicial inquiry -- reviewing the correctness of the ALJ's legal analysis -- may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). "[A] decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its

own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746.

      **B.**      **Waiver of Overpayment Standard**

"Whenever the Commissioner of Social Security finds that more or less than the correct amount of payment has been made to any person under this subchapter, proper adjustment or recovery shall be made[.]" 42 U.S.C. § 404(a)(1). However, in the case of an overpayment of benefits, "there shall be no adjustment of payments to, or recovery by the United States from, any person who is without fault if such adjustment or recovery would defeat the purpose of this subchapter or would be against equity and good conscience." 42 U.S.C. § 404(b)(1). An individual is at fault where overpayment resulted from:

    (a)    An incorrect statement made by the individual which he knew or should have known to be incorrect; or

    (b)    Failure to furnish information which he knew or should have known to be material; or

    (c)    With respect to the overpaid individual only, acceptance of a payment which he either knew or could have been expected to know was incorrect.

20 C.F.R. § 404.507. The term "fault" within "the context of an overpayment case does not imply a finding of bad faith or improper motive, but can be the result of an honest mistake." *Doan v. Sec'y of Health & Human Servs.*, No. 86-5956, 1987 WL 36143, at *1 (6th Cir. July 7, 1987).

A claimant deemed to be at fault "is not entitled to waiver of the overpayment and the Act mandates that the SSA seek recovery of the overpaid benefits and cease benefit payments to the claimant until the claimant has either refunded the overpayment or the amount of the overpayment has been withheld from the claimant's benefits." *Id*. at 892 (citing 42 U.S.C. § 404(a)(1); 20 C.F.R. § 404.502(a)). Where "a claimant is 'without fault' for an overpayment, the ALJ must then determine whether 'adjustment or recovery would defeat the purpose of [the Act] or would be

4

against equity and good conscience.'" *Cohan v. Comm'r of Soc. Sec.*, 802 F. App'x 886, 891-92 (6th Cir. 2020) (citing 42 U.S.C. § 404(b)(1)).

### III.

In this case, the ALJ found Plaintiff was not without fault because, *inter alia* he "failed to furnish information he knew, or should have known to be material, *i.e.*, the beginning date of his PERS pension." PageID 105. Specifically, the ALJ stated that:

> [Plaintiff] did not send in documents showing his receipt of the PERS pension, nor did he follow up those reported phone calls despite no change in the monthly [RIB] benefits he received. The evidence contains no documentary proof of the claimant's reported phone calls and he testified that he took no other steps to inform Social Security of his receipt of the PERS pension beyond his reported phone calls. [Plaintiff] was clearly aware of his reporting obligations and he advised Social Security that he was eligible for and expected to receive that pension at the time of his application for benefits. However, and despite his allegations to the contrary, the record demonstrates that he took no actions to notify Social Security upon his *actual receipt* of the PERS pension.

PageID 104-05 (emphasis added). In his Statement of Errors on appeal, Plaintiff points to evidence that he, on three occasions, informed Social Security of his PERS pension: (1) in his August 2013 RIB application; (2) in an October 2013 phone call to SSA; and (3) in a June 2014 SSI application. Doc. 12 at PageID 62.

In his decision, the ALJ acknowledged Plaintiff's testimony regarding these three communications, noting that Plaintiff "stated he called [SSA] in August 2013, the end of October 2013, and in June 2014." PageID 104. The ALJ also found that "the evidence contains no document proof of [Plaintiff's] phone calls[,]" although the record on appeal -- which is the record that was before the ALJ -- indisputably shows that Plaintiff informed SSA in August 2013 that he expected to receive a PERS pension and that, in June 2014, he told SSA in an application for SSI benefits that he was, at that time, receiving a PERS pension. PageID 240, 244-45. Thus, while

5

there is no documentary evidence corroborating Plaintiff's testimony regarding his call to SSA in October 2013, the ALJ's statement in all other respects is unsupported by substantial evidence.

Such error may be harmless, however, because the issue from the ALJ's perspective in finding Plaintiff not without fault was that he failed to sufficiently notify SSA *at the time* he began receiving the benefits in November 2013. *See* PageID 104-05. Thus, because the August 2013 and June 2014 communications were so far removed in time from when Plaintiff began receiving his PERS pension in November 2013, Plaintiff's communications in August 2013 and June 2014 have little relevance to the ALJ's ultimate conclusion.

But what about the phone call to SSA Plaintiff says he made in October 2013? PageID 132-33. It is not clear how the ALJ dealt with this testimony. PageID 104-05. Because the ALJ found fault with Plaintiff's taking of "no actions to notify Social Security upon his actual receipt of the PERS pension[,]" one could infer that, regardless of whether Plaintiff called SSA in October 2013, the ALJ faulted Plaintiff because he failed to call back upon actual receipt of PERS funds in November 2013. *See* PageID 104-05.

However, one could also -- and perhaps, more reasonably -- infer that the ALJ found Plaintiff's testimony about the October 2013 call to be not credible on the basis that "[t]here are no records of any phone calls to [SSA]" in October "concerning [the PERS] pension[.]" *See* PageID 104-05. The ALJ's finding regarding the absence of records corroborating Plaintiff's phone call is ambiguous insofar as "there is no indication if this is based on disbelief of his story or that the [ALJ] wanted more proof" from Plaintiff (such as his phone records or SSA call notes) to corroborate his testimony. *Viehman v. Schweiker*, 679 F.2d 223, 228 (11th Cir. 1982). Notably, if the ALJ disbelieved Plaintiff's testimony, he did so by failing to address the apparent fact that

Plaintiff's phone call to SSA was made during a government shutdown, which may have impacted SSA's own recordkeeping of the call.  *See* PageID 133.

Regardless, courts have noted that, "[w]here, as here, credibility is a critical factor in determining whether the claimant was without fault, the ALJ must have stated explicitly whether he believed the witness's testimony." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1045 (2d Cir. 1984).  "An 'implicit' finding that [an individual] was not credible does not satisfy this standard." *Albalos v. Sullivan*, 907 F.2d 871, 874 (9th Cir. 1990).  In addition to an explicit credibility determination, an ALJ must articulate "reasons for questioning [a witness's] credibility." *Lewin v. Schweiker*, 654 F.2d 631, 635 (9th Cir. 1981).  Where there is ambiguity as to whether the ALJ's decision is based upon a credibility finding, a remand is warranted.  *Viehman*, 679 F.2d at 228-29 ("Since we are unable to decipher whether the ALJ based his ruling on a credibility determination, and because that determination is critical to [the plaintiff's] claim and our review for substantial evidence, we find it necessary to remand this case").

The Court also notes ambiguity in the ALJ's decision insofar as he found fault in Plaintiff not following up with SSA when he saw "no change in the monthly [RIB] benefits he received." PageID 104-05.  Such a finding necessarily infers that Plaintiff should have known he was receiving too much each month in RIB payments when such payments did not change after he began receiving his PERS pension.  However, this finding otherwise conflicts with the ALJ's more explicit finding that "[t]he record does not reflect that [Plaintiff] . . . accepted payments he kn[e]w, or should have known were incorrect."  PageID 104.

Finally, while not dispositive of this appeal, the undersigned would like to address the ALJ's decision insofar as he appears to have taken issue with the apparent fact that Plaintiff "did not send in documents showing his receipt of the monthly PERS pension[.]"  PageID 104.  In a

7

document titled, "Reporting Responsibilities for Retirement Insurance Benefits," RIB applicants are advised to report to SSA certain status changes, including circumstances where the claimant "become[s] entitled to a pension[.]"  PageID 248-49.  That notice states that applicants "can make [such] reports by telephone, mail, or in person, whichever you prefer."  PageID 249.  The document also advised applicants that, if they "are awarded benefits, and one or more of the above change(s) occur, you *should* report by [c]alling us TOLL FREE . . ."  PageID 249.  Based on such instructions issued by SSA, and assuming Plaintiff did call SSA in October 2013, it is unclear to the undersigned why one would be critical of a claimant for calling SSA rather than sending documents.

### IV.

Based on the foregoing, the undersigned **RECOMMENDS** that: (1) the ALJ's decision be **REVERSED**; (2) this matter be **REMANDED** to the Commissioner for further proceedings consistent with this opinion; and (3) this case be **CLOSED**.


Date:   September 28, 2020            s/ Michael J. Newman
                                       Michael J. Newman
                                       United States Magistrate Judge

## **NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation.  This period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system.  If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d).  Parties may seek an extension of the deadline to file objections by filing a motion for extension, which the Court may grant upon a showing of good cause.

Any objections filed shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based, in whole or in part, upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.

A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.  As noted above, this period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system.  If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d).

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).