IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DMITRI LINER,

        Plaintiff,

    v.

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.

:

:

:

:

Case No. 3:19-cv-126

JUDGE WALTER H. RICE

---

DECISION AND ENTRY REJECTING UNITED STATES MAGISTRATE
JUDGE'S REPORT AND RECOMMENDATIONS (DOC. #18);
SUSTAINING DEFENDANT'S OBJECTIONS THERETO (DOC. #21);
AFFIRMING COMMISSIONER'S DECISION; JUDGMENT TO ENTER
IN FAVOR OF DEFENDANT AND AGAINST PLAINTIFF;
TERMINATION ENTRY

---

After determining that Plaintiff, Dmitri Liner, had been overpaid $8,113.00 in

Retirement Insurance Benefits ("RIB"), the Social Security Administration ("SSA")

demanded repayment.  It denied his request to waive the overpayment.  Following

an evidentiary hearing, the Administrative Law Judge ("ALJ") issued a decision

again denying Liner's request.  After the Appeals Council denied Liner's request for

review, he appealed the decision to this Court.

On September 28, 2020, Magistrate Judge Michael Newman issued a

Report and Recommendations, Doc. #18, recommending that the Court reverse the

ALJ's decision of non-disability and remand the matter for further proceedings.

This matter is currently before the Court on Defendant's Objections to that Report

and Recommendations, Doc. #21.  This Court must make a *de novo* review of those portions of the Report and Recommendations to which proper Objections have been filed.  Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1).  The Court notes that Liner has filed no response to Defendant's Objections.

A.

Deductions from monthly RIB payments may be required because of "[a]n individual's earnings or work."  20 C.F.R. § 404.401(b).  When Liner applied for RIB in August of 2013, he noted on his application that he anticipated that he would soon begin receiving pension benefits through the Ohio Public Employees Retirement System ("PERS").  Liner maintains that, in October of 2013, he called the SSA to inform the agency that he would begin receiving PERS pension benefits in November of 2013.  The SSA, however, has no record of this phone call.  It is undisputed that this alleged phone call did not result in any change to Liner's RIB payments.

On June 6, 2014, when Liner applied for Supplemental Security Income ("SSI"), he disclosed that he was receiving $1,007.00 each month from his PERS pension.  Still, the SSA did not alter his RIB payments.  More than one year later, however, in July of 2015, the SSA sent Liner a letter informing him that, between August of 2013 and June of 2015, he had been overpaid $8,113,00 in RIB payments and was now required to repay that money.  He objected, arguing that he had given the SSA ample notice of his pension payments.

2

B.

Although the SSA is entitled to seek recovery of overpayments under 42 U.S.C. § 404(a)(1), no recovery is warranted from a person who is without fault if such recovery would defeat the purpose of the Act or "would be against equity and good conscience." 42 U.S.C. § 404(b)(1). An individual may seek a waiver of the recovery of an overpayment but must first prove that he was "without fault." *Doan v. Sec'y of Health & Human Servs.*, No. 86-5956, 1987 WL 36143, at *1 (6th Cir. July 7, 1987). A recipient is at fault where the overpayment resulted from:

> (a) An incorrect statement made by the individual which he knew or should have known to be incorrect; or
>
> (b) Failure to furnish information which he knew or should have known to be material; or
>
> (c) With respect to the overpaid individual only, acceptance of a payment which he either knew or could have been expected to know was incorrect.

20 C.F.R. § 404.507.

C.

As previously noted, the SSA denied Liner's request for a waiver. The ALJ found that Liner was at fault because he failed to furnish information which he knew or should have known to be material. *See* 20 C.F.R. § 404.507(b). More specifically, Liner failed to notify the SSA that he had begun receiving his PERS pension. The ALJ held as follows:

3

In this case, the claimant did not make an incorrect statement which he knew or should have known was not correct. The claimant reported that he was entitled to, or expected to receive a pension or annuity for work not covered by Social Security when he filed his application for Social Security Retirement benefits.

The record does not reflect that the clamant reported information he knew or should have known to be material or accepted payments he knew, or should have known were incorrect. The claimant advised Social Security that he expected to receive the pension in question. However, the record does not demonstrate that the claimant advised Social Security that he was receiving that pension, or when he began receiving it.

The claimant testified that he advised Social Security that he would receive a PERS payment. The claimant testified that he advised Social Security by telephone of his receipt of the PERS pension on three occasions. He stated that he called Social Security in August 2013, the end of October 2013, and in June of 2014. He did not send in documents showing his receipt of the PERS pension, nor did he follow up those reported phone calls despite no change in the monthly Social Security Retirement benefits he received. The evidence contains no documentary proof of the claimant's reported phone calls and he testified that he took no other steps to inform Social Security of his receipt of the PERS pension beyond his reported phone calls. The claimant was clearly aware of his reporting obligations and he advised Social Security that he was eligible for and expected to receive that pension at the time of his application for benefits. However, and despite his allegations to the contrary, the record demonstrates that he took no actions to notify Social Security upon his actual receipt of the PERS pension. There are no records of any phone calls to Social Security concerning this pension and there is no evidence that the claimant contacted Social Security concerning his reporting despite no change in his monthly Social Security Retirement benefit amount. Accordingly, the record demonstrates that the claimant failed to furnish information he knew, or should have known to be material, *i.e.*, the beginning date of his PERS pension. The claimant was not without fault in causing the overpayment.

Doc. #17, PageID##104-05.

D.

In his Report and Recommendations, Magistrate Judge Newman concluded that only the phone call that Liner allegedly made in October of 2013 was relevant. He found that it was "not clear" how the ALJ dealt with Liner's testimony about this phone call. One could infer that the ALJ denied the waiver because he believed that, regardless of whether Liner called the SSA in October of 2013, he had a duty to call back upon actual receipt of PERS funds in November of 2013. Doc. #18, PageID#259.

However, "perhaps, more reasonably," one could also infer that the ALJ denied the waiver because he found Liner's testimony concerning the October phone call to be not credible, given that the SSA had no record of it and Liner had produced no corroborating phone records. Magistrate Judge Newman found that, if the ALJ disbelieved Liner, he should have addressed the fact that the government was shut down at that time, which may have impacted SSA's recordkeeping of phone calls. *Id.* at PageID##259-60.

Citing cases from several other circuits, he further found that, where credibility is a factor, the ALJ must make an explicit credibility finding and articulate reasons why the witness is deemed not credible.[1] *Id.* at PageID#260. Given the ambiguity in the ALJ's decision, Magistrate Judge Newman found that a

---

[1] *See Valente v. Sec'y of Health and Human Servs.*, 733 F.2d 1037, 1045 (2d Cir. 1984); *Albalos v. Sullivan*, 907 F.2d 871, 874 (9th Cir. 1990); *Lewin v. Schweiker*, 654 F.2d 631, 635 (9th Cir. 1981); and *Viehman v. Schweiker*, 679 F.2d 223, 228-29 (11th Cir. 1982).

remand was necessary so that the ALJ could more clearly articulate the basis for his decision.

Magistrate Judge Newman also noted a second ambiguity in the ALJ's decision.  The ALJ faulted Liner for not following up with SSA when he saw "no change in the monthly [RIB] benefits he received."  Nevertheless, the ALJ also explicitly held that "[t]he record does not reflect that [Liner] . . . accepted payments he knew, or should have known were incorrect."  *Id.* (citing Doc. #17, PageID##104-05).  Magistrate Judge Newman found that these two statements were irreconcilable.

Finally, Magistrate Judge Newman noted that, although the ALJ faulted Liner for failing to "send in documents showing his receipt of the monthly PERS pension," it appears that the SSA instructs RIB applicants to report such changes "by telephone, mail, or in person, whichever you prefer."  *Id.* at PageID##260-61 (citing Doc. #17, PageID##104, 248-49).  Magistrate Judge Newman therefore questioned why the ALJ was critical of Liner's failure to send documents.

E.

 Defendant urges the Court to reject Magistrate Judge Newman's finding that it is "not clear" whether the ALJ credited Liner's testimony regarding the October 2013 phone call.  Defendant maintains that the ALJ implicitly found Liner's testimony to be unsubstantiated, and there is no need to remand the case so that the ALJ can simply "expressly state a conclusion that is already apparent from [his] decision."  Doc. #21, PageID#270.

6

The ALJ expressly noted that there were no records of any phone call taking place in October of 2013.  Moreover, there was no evidence that Liner made any other effort to contact the SSA after that date, even though he saw no change to his monthly benefits.  Doc. #17, PageID##104-05.  Defendant further argues that, had the ALJ found Liner's testimony concerning the October phone call to be credible, the outcome would have been different, because the ALJ could not have concluded that Liner failed to provide information that he knew, or should have known, was material.

Defendant further notes that, contrary to other circuits, the Sixth Circuit has held that no express credibility finding is needed so long as the ALJ's "factual findings as a whole" show that he implicitly resolved conflicting testimony.  *Loral Defense Systems—Akron v. NLRB*, 200 F.3d 436, 453 (6th Cir. 1999) (internal citation omitted).  *See also Brant v. Comm'r of Soc. Sec.*, 33 F. App'x 795, 797-98 (6th Cir. 2002) (holding that credibility determinations may be implied).

Defendant argues that, by requiring an explicit credibility finding, Magistrate Judge Newman applied an incorrect, heightened standard.  The Court's review is "limited to determining whether the findings are supported by substantial evidence."  *Id.* at 796.  "Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation omitted).  According to Defendant, substantial evidence supports the ALJ's determination that Liner was not without fault for causing the overpayment.  The Court agrees.

7

F.

The Court SUSTAINS Defendant's Objection concerning the need for the ALJ to make an explicit credibility finding.  No such finding is required under Sixth Circuit law.  *See Loral Defense Systems*, 200 F.3d at 453; *Brant*, 33 F. App'x at 797-98.  The Court agrees with Defendant that, in holding that Liner "failed to furnish information he knew, or should have known to be material, *i.e.,* the beginning date of his PERS pension," Doc. #17, PageID#105, the ALJ implicitly rejected his testimony that he called the SSA in October of 2013 to report that he would begin receiving pension benefits in November of 2013.

The Court also SUSTAINS Defendant's Objection concerning the need for a remand.  Liner, as the individual requesting the waiver of recovery, bore the burden of proving that he was without fault.  *Rodysill v. Colvin*, 745 F.3d 947, 949 (8th Cir. 2014).  At the evidentiary hearing, he claimed that he called the SSA in October of 2013, to report that he would begin receiving pension benefits the following month, and that the person he spoke with took this information over the phone.  Doc. #17, PageID#133.  The ALJ noted, however, that "[t]he evidence contains no documentary proof of the claimant's reported phone calls and he testified that he took no other steps to inform Social Security of his receipt of the PERS pension."  *Id.* at PageID#104.

Magistrate Judge Newman maintains that the ALJ should have addressed the question of whether the government shutdown that occurred in October of 2013 may have affected SSA's ability to keep accurate records of phone calls.

However, Liner, had the burden of proving that he was without fault.  He could have produced phone records to corroborate his claim that he called the SSA in October of 2013, but he failed to do so.

Based on the foregoing, the Court finds that substantial evidence supports the ALJ's conclusion that Liner was not "without fault."  Liner's "failure to furnish information which he knew or should have known to be material" provided a sufficient basis for denying his request for waiver of overpayment.  20 C.F.R. § 404.507(b).  The Court affirms the Commissioner's decision on this basis.

G.

Magistrate Judge Newman found it difficult to reconcile the ALJ's statement that "[t]he record does not reflect that [Liner] . . . accepted payments he knew, or should have known were incorrect," Doc. #17, PageID#104, with the ALJ's later statement that "there is no evidence that the claimant contacted Social Security concerning his reporting despite no change in his monthly Social Security benefit amount."  *Id.* at PageID#105.  The later statement, of course, strongly implies that Liner accepted the RIB payments even though he knew that were incorrect.  Had Liner done so, this would have provided an additional basis for denying his request for waiver of overpayment.  *See* 20 C.F.R. § 404.507(c).

The Court agrees that the ALJ's two statements are somewhat at odds with each other.  Nevertheless, because the ALJ's decision is based solely on his finding that Liner failed to furnish information which he knew or should have known to be material, and not on any finding that Liner accepted payments which he knew, or

9

should have known, were incorrect, the Court cannot reach the question of whether Liner's acceptance of the RIB payments provided an additional basis for denial of his waiver request.[2] *See Sec. & Exchange Comm'n v. Chenery Corp.*, 332 U.S. 194, 196 (1947) (holding that "a reviewing court, in dealing with a determination or judgment which an administrative agency alone is authorized to make, must judge the propriety of such action solely by the grounds invoked by the agency. If those grounds are inadequate or improper, the court is powerless to affirm the administrative action by substituting what it considers to be a more adequate or proper basis.").

### H.

For the reasons set forth above, the Court SUSTAINS Defendant's Objections to the Report and Recommendations, Doc. #21, and REJECTS that judicial filing, Doc. #18.

The Court AFFIRMS the Commissioner's decision denying Liner's request for waiver of overpayment for failure to furnish information which Liner knew or should have known to be material. The Court finds the Commissioner's decision to be supported by substantial evidence.

---

[2] Magistrate Judge Newman also questioned the ALJ's criticism of Liner for failing to "send in documents showing his receipt of the monthly PERS pension." Doc. #17, PageID#104. The Magistrate Judge noted that SSA documents specifically advise applicants that they can report such changes by telephone. He acknowledged, however, that this was "not dispositive of this appeal." Doc. #18, PageID#260.

Judgment shall be entered in favor of Defendant and against Plaintiff.

The captioned case is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.


Date: March 30, 2021                                      (tp - per Judge Rice authorization after his review)

                                                WALTER H. RICE
                                                UNITED STATES DISTRICT JUDGE